IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:10CR3031 |
| v. | ) | |
| WILSON ANTONIO GARCIA-PANAMA, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

Wilson Antonio Garcia-Panama (Panama) filed a Motion to Vacate under 28 U.S.C. § 2255. After initial review[1], I deny the motion and dismiss it with prejudice.

Without a plea agreement, Panama entered a guilty plea to a methamphetamine conspiracy. He was represented by Jerry Hug, an extremely experienced and zealous criminal defense lawyer who was appointed by the court. Although Panama's criminal history category was I, he did not qualify for the safety-valve because he gave a safety-valve interview that contradicted the admissions he made when he entered his guilty plea. (E.g., filing no. 211 at CM/ECF p. 3 (sentencing transcript indicating Panama declined to present evidence on his objection to the lack of a

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

safety-valve reduction); filing no. 152 at CM/ECF p. 8 (government's brief noting Panama vaguely inculpated only one person ("Roberto") during the safety-valve interview in contradiction to his statements during Rule 11 proceedings); filing no. 115 at CM/ECF pp. 26-27 (guilty plea transcript where Panama specifically inculpated Marvin Solis and Dante Vicharra)). After Hug's objection to drug quantity and motion for variance were argued and denied, Panama was sentenced to 87 months in prison. Panama appealed with the assistance of Hug, but the appeal was denied on August 12, 2011. This timely motion was filed on June 7, 2012.

Panama makes three claims. In claims one and three, Panama asserts that his lawyer was ineffective. Summarized and condensed, Panama attacks his lawyer for failing to argue that the defendant was entitled to the safety-valve[2] and because his lawyer failed to argue that a lower sentence was warranted particularly because of Panama's minor participation. In claim two, Panama essentially argues that his sentence was unreasonable particularly because it was longer than the sentence a another defendant received.

It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that Panama is not entitled to relief. A brief explanation follows.

Panama argues that defense counsel was ineffective at sentencing. Therefore, the *Strickland* standard must be applied. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish (1) that "'counsel's

---

[2]As noted earlier, Hug lodged an objection on this ground, but did not press it at sentencing.

representation fell below an objective standard of reasonableness,'"[3] and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[4] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688, 694.)

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

As to claim one regarding Hug's failure to press a safety-valve objection at the sentencing hearing, it is clear that Hug's tactical decision was sensible and that there was no prejudice. After all, the record established that Panama fingered Marvin Solis

---

[3] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

[4] A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

and Dante Vicharra when questioned by Judge Zwart during the Rule 11 proceedings, but Panama refused to acknowledge those admissions when he gave the safety-valve interview. Hug had no chance to win the safety-valve argument, and he sensibly elected to go quietly rather than risk Panama being painted in an even worse light as a result of Panama's lack of candor during the safety-valve interview. As for the claim that Hug made other sentencing errors–such as by failing to assert that Panama was a minor or minimal participant–this claim is frivolous. The undisputed record (e.g., filing no. 169 at CM/ECF pp. 4-7 and ¶¶ 15-24) establishes that Panama was "up to ears" in this conspiracy. Moreover, Hug filed a motion for variance and an objection to drug quantity. Hug asserted Panama's only plausible sentencing argument–that Panama should not be held responsible for the drug quantity attributed to him by the probation officer or that the drug quantity, if relied upon, resulted in a sentence that was greater than necessary. In short, Hug performed up to the standard expected of lawyers and his actions or inactions did not prejudice Panama.

Claim two–that his sentence was unreasonable particularly because it was longer than the sentence another defendant received–is also lacking in merit. That issue was thoroughly hashed out by the Court of Appeals, and Panama lost. (Filing no. 249 at CM/ECF p. 2-4 (opinion in *United States v. Panama*, No. 10-3469 (8th Cir., August 12, 2011).) Panama may not litigate again in this section 2255 proceeding a claim that was presented to the Court of Appeals on direct appeal and denied. *See*, *e.g.*, *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (an issue raised and decided against a moving defendant on direct appeal will not be reconsidered on a motion under § 2255 even though it may be presented "in different clothes . . . .").

IT IS ORDERED that:

1.  Panama's motion for leave to proceed in forma pauperis (filing no. 286) is granted.

2. Panama's motion to vacate under 28 U.S.C. § 2255 (filing no. 284) is denied and the motion is dismissed with prejudice.

3. A separate judgment will be issued.

DATED this 18th day of June, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.